UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

| | |
|---|---|
| PHARMACY CORPORATION OF AMERICA d/b/a PHARMERICA<br><br>and<br><br>PHARMERICA LONG-TERM CARE LLC d/b/a PHARMERICA<br><br>and<br><br>PHARMERICA HOSPITAL PHARMACY SERVICES, LLC d/b/a PHARMERICA<br><br>    Plaintiffs,<br><br>v.<br><br>CONCORD HEALTHCARE GROUP, LLC<br><br>and<br><br>WACO HEALTHCARE RESIDENCE, LLC d/b/a CRESTVIEW HEALTHCARE RESIDENCE<br><br>and<br><br>FAIRVIEW OPERATIONS, LLC d/b/a FAIRVIEW HEALTHCARE RESIDENCE<br><br>and<br><br>MANOR NURSING AND REHAB CENTER, LLC d/b/a THE MANOR HEALTHCAR RESIDENCE<br><br>and<br><br>WESTERN HILLS NURSING AND REHAB CENTER, LLC d/b/a WESTERN HILLS HEALTHCARE RESIDENCE | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)     CASE NO. 3:17-CV-37-DJH<br>    _____ |

and                                                    )
                                                       )
GROESBECK HEALTHCARE                                   )
RESIDENCE, LLC d/b/a WINDSOR                           )
HEALTHCARE RESIDENCE                                   )
                                                       )
and                                                    )
                                                       )
MESA HILLS HEALTHCARE                                  )
RESIDENCE OPERATOR, LLC d/b/a                          )
MESA HILLS HEALTHCARE                                  )
RESIDENCE                                              )
                                                       )
and                                                    )
                                                       )
PLANO HEALTHCARE RESIDENCE                             )
OPERATOR, LLC d/b/a HERITAGE                           )
MANOR HEALTHCARE RESIDENCE                             )
                                                       )
and                                                    )
                                                       )
MESA HILLS SPECIALTY HOSPITAL                          )
OPERATOR, LLC                                          )
                                                       )
and                                                    )
                                                       )
PLANO SPECIALITY HOSPITAL                              )
OPERATOR, LLC                                          )
                                                       )
and                                                    )
                                                       )
SPECIALTY HOSPITAL OF MIDWEST                          )
CITY OPERATOR, LLC                                     )
                                                       )
        Defendants.                                    )
                                                       )

## **COMPLAINT**

Plaintiffs, Pharmacy Corporation of America d/b/a PharMerica, PharMerica Long-Term Care LLC d/b/a PharMerica, and PharMerica Hospital Pharmacy Services, LLC d/b/a PharMerica (collectively "PharMerica") state as follows for its Complaint against Defendants: (1) Concord Healthcare Group, LLC ("Concord"); (2) Waco Healthcare Residence, LLC d/b/a Crestview Healthcare Residence ("Waco"); (3) Fairview Operations, LLC d/b/a Fairview Healthcare

Residence ("Fairview"); (4) Manor Nursing & Rehab Center, LLC d/b/a The Manor Healthcare Residence ("Manor"); (5) Western Hills Nursing & Rehab Center, LLC d/b/a Western Hills Healthcare Residence ("Western Hills"); (6) Groesbeck Healthcare Residence, LLC d/b/a Windsor Healthcare Residence ("Windsor"); (7) Mesa Hills Healthcare Residence Operator, LLC d/b/a Mesa Hills Healthcare Residence ("Mesa Hills SNF"); (8) Plano Healthcare Residence Operator, LLC d/b/a Heritage Manor Healthcare Center ("Plano SNF"); (9) Mesa Hills Specialty Hospital Operator, LLC ("Mesa Hills LTACH"); (10) Plano Specialty Hospital Operator, LLC ("Plano LTACH"); and (11) Specialty Hospital of Midwest City Operator, LLC ("Midwest City LTACH") (collectively the "Defendants").[1]

## NATURE OF THE ACTION

1. This action arises out of Defendants' failure to pay PharMerica for the amounts owing pursuant to two Settlement and Forbearance Agreements (the "Settlement Agreements") they executed in favor of PharMerica. A copy of the Settlement and Forbearance Agreement executed by Concord and the SNF Defendants (the "SNF Settlement Agreement") is attached at **Exhibit A**, and a copy of the Settlement and Forbearance Agreement executed by Concord and the LTACH Defendants (the "LTACH Settlement Agreement") is attached at **Exhibit B**.

## THE PARTIES

2. Pharmacy Corporation of America is a California corporation with its principal place of business in Louisville, Kentucky. Thus, for purposes of federal diversity jurisdiction, Pharmacy Corporation of America is a citizen of California and Kentucky.

---

[1] Waco, Fairview, Manor, Western Hills, Windsor, Mesa Hills SNF, and Plano SNF collectively are the "SNF Defendants." Mesa Hills LTACH, Plano LTACH, and Midwest City LTACH collectively are the "LTACH Defendants."

3. PharMerica Long-Term Care LLC is a Delaware limited liability company, whose sole members is a citizens of California and Kentucky. Thus, PharMerica Long-Term Care LLC is a citizen of California and Kentucky for purposes of federal diversity jurisdiction.

4. PharMerica Hospital Pharmacy Services, LLC is a Delaware limited liability company, whose sole member is a Delaware limited liability company, whose sole member is a citizen of California and Kentucky. Thus, PharMerica Hospital Pharmacy Services, LLC is a citizen of California and Kentucky for purposes of federal diversity jurisdiction.

5. Concord is a Texas limited liability company, whose members, upon information and belief, are citizens of Texas and New Jersey. Therefore, Concord is a citizen of Texas and New Jersey for purposes of federal diversity jurisdiction.

6. Waco is a Texas limited liability company, whose members, upon information and belief, are citizens of Texas and New Jersey. Therefore, Wace is a citizen of Texas and New Jersey for purposes of federal diversity jurisdiction.

7. Fairview is a Texas limited liability company, whose members, upon information and belief, are citizens of Texas and New Jersey. Therefore, Fairview is a citizen of Texas and New Jersey for purposes of federal diversity jurisdiction.

8. Manor is a Texas limited liability company, whose members, upon information and belief, are citizens of Texas and New Jersey. Therefore, Manor is a citizen of Texas and New Jersey for purposes of federal diversity jurisdiction.

9. Western Hills is a Texas limited liability company, whose members, upon information and belief, are citizens of Texas and New Jersey. Therefore, Western Hills is a citizen of Texas and New Jersey for purposes of federal diversity jurisdiction.

10. Windsor is a Texas limited liability company, whose members, upon information and belief, are citizens of Texas and New Jersey. Therefore, Windsor is a citizen of Texas and New Jersey for purposes of federal diversity jurisdiction.

11. Mesa Hills SNF is a Texas limited liability company, whose members, upon information and belief, are citizens of Texas and New Jersey. Therefore, Mesa Hills SNF is a citizen of Texas and New Jersey for purposes of federal diversity jurisdiction.

12. Plano SNF is a Texas limited liability company, whose members, upon information and belief, are citizens of Texas and New Jersey. Therefore, Plano SNF is a citizen of Texas and New Jersey for purposes of federal diversity jurisdiction.

13. Mesa Hills LTACH is a Texas limited liability company, whose members, upon information and belief, are citizens of Texas and New Jersey. Therefore, Mesa Hills LTACH is a citizen of Texas and New Jersey for purposes of federal diversity jurisdiction.

14. Plano LTACH is a Texas limited liability company, whose members, upon information and belief, are citizens of Texas and New Jersey. Therefore, Plano LTACH is a citizen of Texas and New Jersey for purposes of federal diversity jurisdiction.

15. Midwest City LTACH is an Oklahoma limited liability company, whose members, upon information and belief, are citizens of Texas and New Jersey. Therefore, Midwest City LTACH is a citizen of Texas and New Jersey for purposes of federal diversity jurisdiction.

16. The SNF Defendants own and operate, or have owned and operated, skilled nursing facilities in Texas.

17. The LTACH Defendants own and operate, or have owned and operated, long-term acute care hospitals in Texas and Oklahoma.

18. Concord is the ultimate parent, management, or controlling company of the SNF Defendants and LTACH Defendants.

## JURISDICTION AND VENUE

19. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332 in that there is complete diversity of citizenship of the parties and the amount in controversy exceeds $75,000 exclusive of interest and costs.

20. This Court has personal jurisdiction over Defendants because they consented to personal jurisdiction in the Western District of Kentucky under the Settlement Agreements, which provide, in relevant part, that the Defendants:

> CONSENT TO ONE OR MORE ACTIONS BEING INSTITUTED AND MAINTAINED IN THE […] UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF KENTUCKY, LOUISVILLE DIVISION, TO ENFORCE THIS AGREEMENT OR ANY OTHER DISPUTE BETWEEN THE PARTIES, AND WAIVE ANY OBJECTION TO ANY SUCH ACTIONS BASED UPON LACK OF PERSONAL OR SUBJECT MATTER JURISDICTION[.]

*See* Settlement Agreements ¶ 6.09.

21. Venue is proper in this Court because Defendants and PharMerica consented to venue in the Western District of Kentucky under the Settlement Agreements, which provides, in relevant part, that the Defendants:

> CONSENT TO ONE OR MORE ACTIONS BEING INSTITUTED AND MAINTAINED IN THE […] UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF KENTUCKY, LOUISVILLE DIVISION, TO ENFORCE THIS AGREEMENT OR ANY OTHER DISPUTE BETWEEN THE PARTIES, AND WAIVE ANY OBJECTION TO ANY SUCH ACTIONS BASED UPON […] IMPROPER VENUE.

*See* Settlement Agreements ¶ 6.09.

## STATEMENT OF FACTS

*The Pharmacy Services Agreements*

22. On or about November 3, 2014 and April 1, 2015 PharMerica, Concord, and the SNF Defendants entered into three separate but substantively identical Pharmacy Services

Agreements (collectively the "SNF Agreements"), whereby PharMerica agreed to provide pharmacy-related goods and services to the residents of the facilities operated by the SNF Defendants.[2]

23. On or about April 1, 2015, PharMerica, Concord, and the LTACH Defendants entered into three separate but substantively identical Hospital Pharmacy Management Agreements and all amendments thereto (collectively the "LTACH Agreements"), whereby PharMerica agreed to provide pharmacy-related goods and services to the patients of the hospitals operated by the LTACH Defendants.[3]

24. Under the SNF Agreements and the LTACH Agreements, Concord specifically represented and warranted that it was entering the contacts for PharMerica to provide pharmacy goods and services to the residents and patients of the facilities operated by the SNF Defendants and the LTACH Defendants, and Concord was responsible and liable for all obligations under the SNF Agreements and LTACH Agreements along with the other Defendants.

25. Pursuant to the SNF Agreements, the LTACH Agreements, and PharMerica's performance thereunder, Defendants were obligated to pay for the goods and services provided by PharMerica.

26. Defendants failed to pay PharMerica in accordance with the SNF Agreements and LTACH Agreements.

27. Upon information and belief, Defendants have been reimbursed by Medicare for all or a significant portion of the goods and services provided by PharMerica, and have directly or indirectly benefited from such reimbursements.

---

[2] The SNF Agreements contain confidential information, including pricing information, and have not been attached. Copies can be provided to the Court under seal and Defendants upon request and entry of a protective order.
[3] The LTACH Agreements contain confidential information, including pricing information, and have not been attached. Copies can be provided to the Court under seal and Defendants upon request and entry of a protective order.

*Settlement Agreements and Agreed Judgment*

28. On or about April 27, 2016, PharMerica and Defendants entered into the Settlement Agreements in order to settle outstanding amounts owed by Defendant to PharMerica under the SNF Agreements and LTACH Agreements.

29. As an inducement for PharMerica to enter into the SNF Settlement Agreement, Concord and the SNF Defendants acknowledged PharMerica's allegations that they were in default of their payment obligations under the SNF Agreement (the "SNF Balance"). *See* SNF Settlement Agreement, Recital B; *id.* at ¶ 5.01.

30. As an inducement for PharMerica to enter into the LTACH Settlement Agreement, Concord and the LTACH Defendants acknowledged PharMerica's allegations that they were in default of their payment obligations under the LTACH Agreement (the "LTACH Balance"). *See* LTACH Settlement Agreement, Recital B; *id.* at ¶ 5.01.

31. In order to settle the SNF Balance, PharMerica agreed to accept $559,798.26 plus interest paid in accordance with a Payment Schedule attached to the SNF Settlement Agreement, and Concord and the SNF Defendants agreed to pay $559,798.26 plus interest in accordance with the Payment Schedule. *See* SNF Settlement Agreement ¶ 5.02, Attachment C.

32. In order to settle the LTACH Balance, PharMerica agreed to accept $1,030,408.50 plus interest paid in accordance with a Payment Schedule attached to the LTACH Settlement Agreement, and Concord and the LTACH Defendants agreed to pay $1,030,408.50 plus interest in accordance with the Payment Schedule. *See* LTACH Settlement Agreement ¶ 5.02, Attachment C.

33. Paragraphs 4.01 of the Settlement Agreements provide that Defendants would be in default if they failed to pay any installment due and owing under the respective Settlement Agreements.

34. Paragraph 5.09 of the SNF Settlement Agreement provides that Concord and the SNF Defendants shall notify PharMerica of any change of control event, and the entire unpaid SNF Balance plus any additional amounts accrued under the SNF Agreements would be due to PharMerica at the closing of the sale.

35. Paragraph 5.03 of the LTACH Settlement Agreement provides that Concord and the LTACH Defendants shall pay each invoice for services provided and/or invoiced after March 31, 2016, in accordance with the terms of the LTACH Agreements.

36. Upon the occurrence of any default of the Settlement Agreements by Defendants, PharMerica was required to provide Defendants with notice and to not take action against them for ten days. *See* Settlement Agreements ¶¶ 5.06.

37. Defendants agreed that if they defaulted and failed to cure the default, PharMerica may seek to have entered an Agreed Order of Judgment attached to the Settlement Agreement as Attachment D, which they each previously executed. *Id.* ¶¶ 5.07.

38. Pursuant to Paragraphs 5.04 of the Settlement Agreements, Defendants agreed that by executing the respective Agreed Orders of Judgment, their signatures constitute sufficient and proper evidence of the justness of the debt and their confession of the judgment and that no further evidence or appearance in open court is necessary before entry of the Orders by the court and, thereafter, execution upon the Orders by PharMerica.

39. Pursuant to the Agreed Order of Judgment executed by Concord and the SNF Defendants (the "SNF Agreed Order"), the SNF Defendants agreed that upon an uncured default, they shall pay to PharMerica the amount of $621,998.07, jointly and severally, plus interest thereon at the rate of 6% per annum from the date of the SNF Settlement Agreement until paid in full, plus any amounts owed, even if not yet due under the SNF Agreements, less all amounts paid under the SNF Settlement Agreement. *See* SNF Settlement Agreement, Attachment D.

9

40. Pursuant to the Agreed Order of Judgment executed by the LTACH Defendants (the "LTACH Agreed Order"), the LTACH Defendants agreed that upon an uncured default, they shall pay to PharMerica the amount of $1,248,980.00, jointly and severally, plus interest thereon at the rate of 6% per annum from the date of the LTACH Settlement Agreement until paid in full, plus any amounts owed, even if not yet due under the LTACH Agreements, less all amounts paid under the LTACH Settlement Agreement.  *See* LTACH Settlement Agreement, Attachment D.

41. Additionally, pursuant to the Agreed Orders of Judgment, Defendants agreed that they would be responsible for paying all of PharMerica's "reasonable costs and expenses of collection, including, but not limited to all reasonable attorneys' fees and costs incurred before the [Settlement Agreements were] executed, and all reasonable attorneys' fees and costs incurred thereafter."  *See* SNF Agreed Order; LTACH Agreed Order; Settlement Agreements ¶¶ 6.04.

*Defendants' Default*

42. Defendants defaulted under the Settlement Agreements by failing to pay the forbearance payments on or before November 15, 2016.

43. Concord and the LTACH Defendants defaulted under the LTACH Settlement Agreement by failing to pay the invoiced amounts after March 31, 2016.

44. Per the terms of the Settlement Agreements, PharMerica provided notice to Defendants of their defaults.[4]

45. PharMerica performed all obligations of it under the Settlement Agreements, including satisfying any and all conditions precedent to payment.

46. Defendants remitted checks to PharMerica for the defaulted forbearance payments, but the checks were returned for insufficient funds.

47. Defendants did not cure the defaults.

---

[4] A copy of the notice of default is attached at **Exhibit C**.

48. Because of Concord's and the SNF Defendants' uncured default, $621,998.07, less any payments, is immediately due, in addition to interest at the rate of 6% per annum from the date of the SNF Settlement Agreement until paid in full.

49. Because of Concord's and the LTACH Defendants' uncured defaults, $1,248,980.00, less any payments, is immediately due, plus $247,206.00 for amounts invoiced after March 31, 2016 but not paid by Concord and the LTACH Defendants, in addition to interest at the rate of 6% per annum from the date of the LTACH Settlement Agreement until paid in full.

50. Upon information and belief, a change of control occurred for the facilities owned and operated by Defendants Waco, Fairview, Manor, Western Hills, and Windsor of which those Defendants failed to notify PharMerica.

51. PharMerica has incurred attorneys' fees and other costs in preparing and filing this action, all of which are the responsibility of Defendants. PharMerica is likely to incur substantial additional attorneys' fees as this case is litigated and prepared for trial, which also shall be the responsibility of Defendants.

52. As a result of Defendants' uncured default, PharMerica is entitled to entry of the Agreed Orders of Judgment.

### COUNT I – BREACH OF CONTRACT (CONCORD AND SNF DEFENDANTS)

53. PharMerica incorporates by reference the allegations set forth above.

54. Concord and the SNF Defendants entered into the SNF Settlement Agreement with PharMerica, which provides that Concord and the SNF Defendants are obligated to make settlement payments per the Payment Schedule set forth in Attachment C of the SNF Settlement Agreement.

55. The SNF Settlement Agreement is a valid and enforceable contract.

56. PharMerica performed all of its obligations under the SNF Settlement Agreement.

57. Without legal justification or excuse, Concord and the SNF Defendants materially breached the SNF Settlement Agreement by failing to pay PharMerica sums due and owing under the Payment Schedule.

58. Without legal justification or excuse, Defendants Waco, Fairview, Manor, Western Hills, and Windsor materially breached the SNF Settlement Agreement by failing to notify PharMerica of their respective changes of control pursuant to Paragraph 5.09.

59. As a direct and proximate cause of Concord's and the SNF Defendants' breach of the SNF Settlement Agreement, PharMerica suffered damages in that it has not been paid sums to which it is entitled.

60. Interest is accruing on the unpaid balance pursuant to the terms of the SNF Settlement Agreement.

61. Pursuant to the SNF Settlement Agreement, PharMerica is entitled to an entry of an Agreed Order of Judgment in the amount of $621,998.07, jointly and severally, plus interest thereon at the rate of 6% per annum from the date of the SNF Settlement Agreement until paid in full, less all amounts paid under the SNF Settlement Agreement, plus any amounts owed under the SNF Agreements, plus PharMerica's reasonable attorneys' fees and costs of collection.

### COUNT II – BREACH OF CONTRACT (CONCORD AND LTACH DEFENDANTS)

62. PharMerica incorporates by reference the allegations set forth above.

63. Concord and the LTACH Defendants entered into the LTACH Settlement Agreement with PharMerica, which provides that Concord and the LTACH Defendants are obligated to make settlement payments per the Payment Schedule set forth in Attachment C of the LTACH Settlement Agreement.

64. The LTACH Settlement Agreement is a valid and enforceable contract.

65. PharMerica performed all of its obligations under the LTACH Settlement Agreement.

66. Without legal justification or cause, Concord and the LTACH Defendants materially breached the LTACH Settlement Agreement by failing to pay PharMerica sums due and owing under the Payment Schedule and for amounts invoiced after March 31, 2016.

67. As a direct and proximate cause of Concord's and the LTACH Defendants' breaches of the LTACH Settlement Agreement, PharMerica has suffered damages in that it has not been paid sums to which it is entitled.

68. Interest is accruing on the unpaid balance pursuant to the terms of the LTACH Settlement Agreement.

69. Pursuant to the LTACH Settlement Agreement, PharMerica is entitled to an entry of an Agreed Order of Judgment in the amount of $1,248,980.00, jointly and severally, plus interest thereon at the rate of 6% per annum from the date of the LTACH Settlement Agreement until paid in full, less all amounts paid under the LTACH Settlement Agreement, plus $247,206.00 owed under the LTACH Agreements invoiced after March 31, 2016, plus PharMerica's reasonable attorneys' fees and costs of collection.

**COUNT III – UNJUST ENRICHMENT/CONSTRUCTIVE TRUST (ALL DEFENDANTS)**

70. Except to the extent inconsistent with the relief requested in the Count, PharMerica incorporates by reference the allegations set forth above.

71. PharMerica has conferred a benefit on Defendants by providing them with valuable pharmaceutical goods and services delivered to the residents and patients of the skilled nursing facilities and acute care hospitals owned and operated by the Defendants.

72. Defendants have not paid PharMerica for those pharmaceutical goods and services.

73. PharMerica's goods and services were provided under circumstances pursuant to which Defendants should have known that PharMerica would expect to be compensated for such goods and services.

74. Defendants wrongfully and intentionally withheld payment from PharMerica for the goods and services PharMerica provided.

75. Consequently, Defendants have been unjustly enriched through receipt of such goods and services at the expense of PharMerica.

76. Furthermore, Defendants have knowingly and willfully received, or will receive, reimbursement by Medicare, directly or indirectly, for goods and services provided by PharMerica, and have wrongfully and intentionally withheld or will withhold such amounts from PharMerica.

77. Defendants have a legal and fiduciary duty to immediately remit proceeds received in reimbursement from Medicare to PharMerica if they have not timely paid invoices as required by the SNF and LTACH Agreements.

78. It is against equity and good conscience to permit Defendants to retain the Medicare reimbursements without paying for pharmaceutical goods and services provided by PharMerica for which reimbursements were made.

79. For these reasons, a constructive trust should be imposed on any and all proceeds which have been, or hereafter are, received by Defendants as reimbursement by Medicare for goods and services provided by PharMerica, plus interest, costs, and attorneys' fees.

### COUNT IV – ATTORNEYS' FEES (ALL DEFENDANTS)

80. Except to the extent inconsistent with the relief in this count, PharMerica incorporates by reference the allegations set forth above.

81. Pursuant to the Settlement Agreements, Defendants agreed to pay PharMerica its costs, including attorneys' fees, incurred in connection with collecting payment from Defendants.

82. Defendants have failed to fulfill their obligations under the Settlement Agreements to pay PharMerica what it is owed. PharMerica has incurred attorneys' fees and other costs in connection with its efforts to collect payment, which are the responsibility of Defendants. PharMerica is likely to incur substantial additional attorneys' fees and costs as this case is litigated, which shall also be the responsibility of Defendants.

### PRAYER FOR RELIEF

WHEREFORE, PharMerica requests judgment against Defendants as follows:

A. Entry of the Agreed Orders of Judgment as set forth above;

B. An award of damages in an amount to be proven at trial;

C. PharMerica's attorneys' fees, expenses and costs associated with its collection of amounts owed to it by Defendants;

D. Prejudgment and post-judgment interest; and

E. All other relief to which PharMerica may be entitled.

Dated: January 20, 2017

Respectfully submitted,

/s/ Jennifer Metzger Stinnett
Benjamin C. Fultz
Jennifer Metzger Stinnett
E. Rachael Dahlman Warf
FULTZ MADDOX DICKENS, PLC
101 S. Fifth Street, 27th Floor
Louisville, Kentucky 40202-3116
(502) 588-2000
bfultz@fmdlegal.com
jstinnett@fmdlegal.com
rwarf@fmdlegal.com

*Counsel for Plaintiff PharMerica Corporation*