UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

| | |
|---|---|
| PHARMACY CORPORATION OF AMERICA d/b/a PHARMERICA )<br><br>*et al.*<br><br>Plaintiffs,<br><br>v.<br><br>CONCORD HEALTHCARE GROUP, LLC<br><br>*et al.*<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)  CASE NO.: 3:17-cv-00037-GNS<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**PLAINTIFFS' MOTION TO COMPEL DISCOVERY RESPONSES AND FOR SANCTIONS**

Pursuant to Federal Rule of Civil Procedure 37(a), 37(d), and LR 37.1, Plaintiffs Pharmacy Corporation of America d/b/a PharMerica, PharMerica Long-Term Care LLC d/b/a PharMerica, and PharMerica Hospital Pharmacy Services, LLC d/b/a PharMerica (collectively, "PharMerica"), move the Court for an Order compelling Defendants: (1) Concord Healthcare Group, LLC ("Concord"); (2) Waco Healthcare Residence, LLC d/b/a Crestview Healthcare Residence ("Waco"); (3) Fairview Operations, LLC d/b/a Fairview Healthcare Residence ("Fairview"); (4) Manor Nursing & Rehab Center, LLC d/b/a The Manor Healthcare Residence ("Manor"); (5) Western Hills Nursing & Rehab Center, LLC d/b/a Western Hills Healthcare Residence ("Western Hills"); (6) Groesbeck Healthcare Residence, LLC d/b/a Windsor Healthcare Residence ("Windsor"); (7) Mesa Hills Healthcare Residence Operator, LLC d/b/a

Mesa Hills Healthcare Residence ("Mesa Hills SNF"); (8) Plano Healthcare Residence Operator, LLC d/b/a Heritage Manor Healthcare Center ("Plano SNF"); (9) Mesa Hills Specialty Hospital Operator, LLC ("Mesa Hills LTACH"); (10) Plano Specialty Hospital Operator, LLC ("Plano LTACH"); and (11) Specialty Hospital of Midwest City Operator, LLC ("Midwest City LTACH") (collectively the "Defendants") to respond to Plaintiffs' First Set of Written Post-Judgment Discovery (the "Discovery Requests") which were served via U.S. mail and electronic mail on September 15, 2017, a copy of which is attached as Exhibit A, and for sanctions relating to their failure to respond.

The interrogatories ask Defendants to provide information about Defendants' assets. For example, Interrogatory No. 3 asks Defendants to "Identify all bank accounts held in any Defendants' name at any time during the previous five years…"

The requests for production of documents ask Defendants to produce documents relating to their assets. For example, Request No. 4 asks Defendants to "Produce all statements of account for all of Defendants' brokerage accounts, CDs, or other deposit accounts from the previous five years."

Defendants' responses to these discovery requests were due on or before October 18, 2017, at the latest. Defendants have served no objections to the discovery requests and have neither sought nor received any extension of time for responding to them. The undersigned certifies that she made multiple requests to Defendants' counsel for responses to the discovery yet Defendants have not responded in any manner.

The law is clear and its application here warrants the requested order:

> A party responding to interrogatories "must serve its answers and any objections within 30 days after being served with the interrogatories." Fed. R. Civ. P. 33(b)(2). Similarly, a party responding to a request for production must respond in writing within thirty days. Fed. R. Civ. P. 34(b)(2)(A). …

2

> For interrogatories, "Any ground not stated in a timely objection is waived unless the court, for good cause, excuses the failure." Fed. R. Civ. P. 33(b)(4). An answer to an interrogatory "must, to the extent it is not objected to, be answered separately and fully in writing under oath." Fed. R. Civ. P. 33(b)(3). For requests for production, failure to timely object results in a waiver of the objection. *See Duracore Pty. Ltd. v. Applied Concrete Tech., Inc.*, 2015 WL 4750936 *6 (W.D. Ky. Aug. 11, 2015).

*Eastridge v. Goodrich Corp.*, No. 3:12-CV-862-DJH-CHL, 2016 WL 5661508, at *2 (W.D. Ky. Sept. 29, 2016).

Plaintiffs therefore move this Court to order that any objections Defendants may have to the Discovery Requests be deemed waived. Plaintiffs also request this Court order Defendants to produce all responsive documents and provide written responses no less than seven (7) days after entering the Order.

Plaintiffs further move the Court to award them their reasonable costs incurred in making this motion. Rule 37(a)(5) states, "If the motion [to compel] is granted—or if the disclosure or requested discovery is provided after the motion was filed—the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." *Babcock Power, Inc. v. Kapsalis*, No. 3:13-CV-717-CRS-CHL, 2016 WL 4005949, at *2 (W.D. Ky. July 25, 2016). An award of Defendants' reasonable expenses, including attorney fees, is justified here where Plaintiff has neither timely responded nor offered any basis for failing to do so. Indeed, Plaintiffs specifically move this Court, pursuant to Fed. R. Civ. P. 37(d)(1)(A)(ii), to order sanctions based on Defendants' failure to serve its answers, objections, or written response after having been properly served with such discovery requests. The types of sanctions available include those listed in Rule 37(b)(2)(A)(i)-(iv). In addition, the court "must require the party failing to act" to

pay the reasonable expenses, including attorney's fees caused by the failure, unless the failure was "substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(d)(3). There is no justification for Defendants' failure to respond and there would be nothing unjust about awarding Plaintiffs' reasonable expenses given Defendants' ongoing delay in this case.

The Court should grant the motion and award Plaintiffs' costs and fees pursuant to the rules, and any other relief the Court deems appropriate. A proposed Order doing so is tendered herewith.

Dated: November 3, 2017 

Respectfully submitted,

/s/ Jennifer Metzger Stinnett
Benjamin C. Fultz
Jennifer Metzger Stinnett
Matthew Cory Williams
FULTZ MADDOX DICKENS, PLC
101 S. Fifth Street, 27th Floor
Louisville, Kentucky 40202-3116
(502) 588-2000
bfultz@fmdlegal.com
jstinnett@fmdlegal.com
mwilliams@fmdlegal.com

*Counsel for Plaintiffs*

## CERTIFICATE OF SERVICE

  I hereby certify that on November 6, 2017, I caused the foregoing document to be served via CM/ECF upon counsel of record with a copy served via first-class U.S. Mail to the following representatives for the Defendants:

Joe Neuman
Chief Executive Officer
Concord Healthcare Group, Inc.
111 Clifton Avenue
Lakewood, New Jersey 08701
*Representative for Defendants*

                 /s/ Jennifer Metzger Stinnett
                 Jennifer Metzger Stinnett
                 *Counsel for Plaintiffs*